# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AIX SPECIALTY INSURANCE CO., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 13 C 8997 |
| SCOTT ZIEGLER; ANDREA ZIEGLER; BIRD BRAIN, INC.; GORDMANS STORES, INC., GORDMANS, INC.; ROBIN HERRIMAN; and LAURIE HERRIMAN, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Bird Brain, Inc., a manufacturer of firepot products, purchased a liability insurance policy from AIX Specialty Insurance Company. The present lawsuit concerns that insurance policy and the circumstances under which AIX issued it.

Robin and Laurie Herriman purchased one of Bird Brain's products from a Gordmans store. Scott Ziegler was later injured by the product. He and Andrea Ziegler sued Bird Brain, Gordmans, and the Herrimans for damages. Bird Brain tendered its defense to AIX. AIX is defending Bird Brain under a reservation of rights. It also filed this lawsuit, in which it alleges that the claim is not covered by the insurance policy; the policy should be reformed to reflect the parties' purported intent not to cover claims arising from the particular product line; and alternatively, that the policy should be rescinded based on material misrepresentations that AIX claims Bird Brain made in obtaining the policy.

AIX has moved for summary judgment. For the reasons stated below, the Court denies the motion.

**Facts**

Bird Brain is a Michigan corporation that conducts business in Illinois. It manufactures and sells firepots and firepot fuel gel. Bird Brain has sold its products to Gordmans Stores, Inc. and Gordmans, Inc. On September 1, 2011, Bird Brain voluntarily recalled all of its liquid fuel gel because of customer injuries. Pl.'s LR 56.1 Stat., Ex. 1A at 3; Def.'s Ex. 1.

Bird Brain, via an agent, contacted AIX via e-mail on December 2, 2011. Pl.'s LR 56.1 Stat., Ex. 1A at 2. Bird Brain's agent stated:

> This product has had a bad history of claims involving there [sic] liquid fuel gel that is used for their fire pots / candles. As of 9/1 this product had been recalled. The current carrier Gemini is cancelling effective 12/5. We were able to secure a discontinued products policy with Navigators covering the liquid fuel gel product that is still in the market place.

*Id.* The e-mail stated that Bird Brain "need[s] help securing a practice policy for the ongoing products. The liquid fuel gel products have been replaced with a hard burning gel that they contract with Sterno." *Id.* The agent stated that Bird Brain was looking for a policy "that can exclude all liquid fuel gel but needs to cover the new stern[o] candle / firepot product in addition to the rest of their products." *Id.*

Sean Rancourt authorized AIX to issue an insurance policy to Bird Brain. *Id.* His e-mail to Bird Brain's agent said that "[b]ased on the fac[t] that sterno is safer, spill resistant, there is a discontinued products policy in place for the old gel and Bird Brain is indemnified by Sterno for any faulty product involving the Sterno product, I think we may be able to proceed with the submission." *Id.* at 1.

On December 6, 2011, AIX issued a Products/Completed Operations Policy to Bird Brain for a one-year period. Compl., Ex. A. Even though the earlier correspondence indicated that Bird Brain was looking for a policy that "can exclude all liquid fuel gel," the policy did not have an exclusion that said that. Rather, the policy contained an exclusion for "ALL FIRE POTS/CANDLES THAT WERE MANUFACTURED TO BE USED WITH LIQUID FUEL GEL AND WERE CONSIDERED, BUT NOT LIMITED TO BE PART OF THEIR RECENT RECALL." *Id.* at 31.

AIX later learned that despite the agent's representation, Bird Brain had never actually obtained a discontinued products policy. Pl.'s LR 56.1 Stat., Ex. 1 ¶ 6. Bird Brain's former chief executive officer states in an affidavit that the company intended to obtain a discontinued products policy but did not do so "due to the significant amount of the premium." *Id.*, Ex. 2 ¶ 9.

The Zieglers filed suit against Bird Brain, Gordmans, and the Herrimans in state court in May 2013. The Zieglers seek to recover for injuries that Scott Ziegler sustained from an explosion they allege was caused by Bird Brain's firepot and pourable fuel gel, which the Herrimans had purchased at a Goldmans store. Compl., Ex. B ¶¶ 1-22. AIX is currently defending Bird Brain in the *Ziegler* suit pursuant to a reservation of rights. As indicated earlier, it filed this suit seeking a declaration that it is not obligated to defend Bird Brain.

As the present case has progressed, it appears that Gordmans is the party truly adverse to AIX. Specifically, Gordmans is the only party who opposes entry of summary judgment in AIX's favor.

3

## Discussion

AIX has moved for summary judgment. A party is entitled to summary judgment "if [it] shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law . . . ." Fed. R. Civ. P. 56(a). The moving party has the initial burden of showing there is insufficient evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must then present evidence to support its claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Summary judgment is inappropriate if the evidence allows a reasonable fact finder to return a verdict for the nonmoving party. *Hanover Ins. Co. v. N. Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014). All justifiable inferences are drawn in the nonmovant's favor. *Anderson*, 477 U.S. at 255.

AIX contends that Michigan law governs the parties' claims, and Gordmans does not argue otherwise. The Court therefore foregoes an independent analysis of the choice-of-law issue and will apply Michigan Law. *Harter v. Iowa Grain Co.*, 220 F.3d 544, 560 n.13 (7th Cir. 2000); *see also Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 637 (7th Cir. 1991).

**A.     Policy exclusion**

AIX contends the insurance policy excludes coverage for the products involved in the Ziegler lawsuit. Specifically, it contends that the policy excludes coverage for "pourable fuel gel firepot products."

Under Michigan law, if a contract's language is clear, the court must interpret the contract by its terms. *Klapp v. United Ins. Grp. Agency, Inc.*, 663 N.W.2d 447, 453-54 (Mich. 2003). Contract terms are given their plain and ordinary meaning, and the

contract must be read as a whole. *Wilkie v. Auto-Owners Ins. Co.*, 664 N.W.2d 776, 780 (Mich. 2003). Ambiguity is not established simply because the parties dispute the meaning of terms. *Gortney v. Norfolk & W. Ry. Co.*, 549 N.W.2d 612, 615 (Mich. App. 1996). A poorly worded or awkwardly arranged contract is still unambiguous if it permits only one interpretation. *Farm Bureau Mut. Ins. Co. of Mich. v. Nikkel*, 596 N.W.2d 915, 919 (Mich. 1999).

The policy term in question says the policy excludes coverage for "ALL FIRE POTS/CANDLES THAT WERE MANUFACTURED TO BE USED WITH LIQUID FUEL GEL AND WERE CONSIDERED, BUT NOT LIMITED TO BE PART OF THEIR RECENT RECALL." Compl., Ex. A at 31. This is not at all ambiguous. It excludes coverage for certain firepots and candles that were to be used with liquid fuel gel. It does not say, as AIX contends, that "pourable fuel gel firepot products" are excluded. Thus to establish that the exclusion applies, AIX must show that the Ziegler lawsuit concerns a firepot made to be used with liquid gel that was included in the product recall or considered for inclusion.

Bird Brain's September 2011 product recall included "fire gel" and a "ceramic fire gel gift set" that included fire gel and a firepot. Def.'s LR 56.1 Stat., Ex. 1. No other firepots were recalled. AIX has offered no evidence that the firepot involved in the Ziegler lawsuit was part of the recall or was considered for recall. Thus based on the record before the Court, AIX is not entitled to summary judgment on its claim of non-coverage.

**B.     Reformation of policy**

AIX alternatively asks the Court to reform the reform the insurance policy to

reflect what it contends was the parties' mutual intent to exclude coverage for "pourable fuel gel firepot products."

Michigan law permits a court to reform a contract that does not reflect the true intent of the parties as a result of a mutual mistake. *Johnson Family Ltd. P'ship v. White Pine Wireless, LLC*, 761 N.W.2d 353, 359 (Mich. App. 2008). A unilateral mistake is insufficient. *Casey v. Auto Owners Ins. Co.*, 729 N.W.2d 277, 285 (Mich. App. 2006). Reformation is appropriate only where there is clear and satisfactory evidence to establish the true intent. *Goldman v. Century Ins. Co.*, 93 N.W.2d 240, 242 (Mich. 1958). There must be clear evidence that establishes the parties reached an agreement that is not accurately reflected in the written contract. *Olsen v. Porter*, 539 N.W.2d 523, 525 (Mich. App. 1995).

As indicated, AIX contends that the parties did not intend for AIX's insurance policy to cover pourable fuel gel firepot products. It has submitted affidavits from AIX's underwriter Sean Rancourt and Bird Brain's CEO Christine King, both of whom state that the parties intended to have the AIX policy cover Bird Brain's solid sterno-based fuel, firepots using that fuel, and its non-firepot product lines, not claims or lawsuits involving pourable fuel gel or firepots that use such gel. Pl.'s LR 56.1 Reply, Exs. 3 & 4.

The contemporaneous evidence of the parties' negotiations, however, arguably contradicts the affidavits. In the initial e-mail from Bird Brain's agent to AIX, the agent said that Bird Brain wanted a policy that "can exclude all liquid fuel gel but needs to cover . . . the rest of [the] products." Pl.'s LR 56.1 Stat., Ex. 1A at 2. AIX's representative Rancourt wrote in an e-mail that he understood a discontinued products policy was in place for the "old gel"—indicating that was what was to be excluded—but

6

he said nothing about firepots. *Id.* at 1.

There is a seeming mismatch between the contemporaneous documentation of what Bird Brain proposed to exclude and the wording of the policy exclusion. As just indicated, Bird Brain's agent told AIX that it proposed to have the policy exclude its "liquid fuel gel." But the policy excluded coverage not for liquid fuel gel, but rather for firepots intended to be used with liquid fuel gel, at least to the extent they were included in or considered for the product recall. That said, Michigan law requires a mutual mistake to be "established beyond cavil by clear and satisfactory evidence." *Goldman*, 93 N.W.2d at 242. The affidavits AIX has offered in connection with its motion for summary judgment point in the direction of a mistake, but they do not eliminate the existence of a triable factual issue. Though AIX's evidence might convince a fact finder after a trial, AIX is not entitled to summary judgment on its claim seeking reformation of the insurance policy.

**3.     Rescission**

AIX also argues alternatively that the insurance policy should be rescinded because it detrimentally relied on material misrepresentations by Bird Brain. Under Michigan law, an insurer may rescind an insurance policy if it was procured by the insured's intentional misrepresentation of a material fact in the insurance application. *Darnell v. Auto-Owners Ins. Co.*, 369 N.W.2d 243, 246 (Mich. Ct. App. 1985). The insurer must demonstrate that: (1) the insured made a material misrepresentation; (2) it was false; (3) the insured knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) the insured made the misrepresentation so the insurer would act on it; (5) the insurer acted in reliance on the

7

misrepresentation; and (6) the insurer suffered injury. *Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 567-68 (Mich. 2012). A misrepresentation is material when the insurer would have rejected the applicant or charged a higher premium if had been provided the correct information. *Oade v. Jackson Nat. Life Ins. Co. of Mich.*, 632 N.W.2d 126, 131 (Mich. 2001). In addition, an insurer may rescind a contract for a material misrepresentation that induced reliance even if the misrepresentation was innocent. *See U.S. Fid. & Guar. Co. v. Black*, 313 N.W.2d 77, 83-85 (Mich. 1981).

There is no genuine dispute that a misrepresentation was made; Bird Brain's agent told AIX that it had obtained a discontinued products policy, and that was untrue. The real question, however, is reliance. Although AIX has submitted affidavits in which its representative states that it would not have issued the insurance policy absent the representation that Bird Brain had obtained a discontinued products policy, there is a legitimate credibility question, and thus the point cannot be said to be undisputed. As Gordmans points out, in the e-mail from Bird Brain's agent, the agent advised that the purported discontinued products policy covered the "liquid fuel gel product." Pl.'s LR 56.1 Stat., Ex. 1A at 2. Gordmans argues that if AIX had actually relied on this representation, it would have expressly excluded coverage for liquid fuel gel. But as indicated earlier, that is not what the exclusion says. As a result, a reasonable fact finder could conclude AIX did not rely on Bird Brain's statement about the purported discontinued products policy. There is a genuine factual dispute on the issue of reliance, and thus summary judgment in AIX's favor would be inappropriate.

## Conclusion

For the reasons stated above, the Court denies plaintiff's motion for summary

judgment [dkt. no. 31]. The case is set for a status hearing on September 9, 2014 at 9:00 a.m. for the purpose of setting a trial date.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 1, 2014